UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TERRELL JACKSON : | |
|     Petitioner, : | |
| : | PRISONER |
| v. : | Case No. 3:11-cv-515 (VLB) |
| : | |
| WARDEN; and : | |
| COMMISSIONER OF CORRECTION, : | |
|     Respondents. : | |

**RULING ON RESPONDENTS' MOTION TO STAY OR DISMISS PETITION
FOR WRIT OF HABEAS CORPUS [Doc. No. 7]**

The Petitioner, Terrell Jackson, currently confined at the MacDougall-Walker Correctional Center in Suffield, Connecticut, commenced this action for a writ of habeas corpus <u>pro se</u> pursuant to 28 U.S.C. § 2254 [Doc. No. 1]. He challenges his state court conviction for murder. The Respondents move to dismiss or stay the petition because the Petitioner has not exhausted his state court remedies with regard one of the two grounds for relief [Doc. No. 7]. For the reasons that follow, the Respondents' motion [Doc. No. 7] is GRANTED.

I.    <u>Background</u>

Following a jury trial in Connecticut Superior Court for the Judicial District of Fairfield, the Petitioner was found guilty of murder. He was sentenced to a total effective term of imprisonment of fifty years. <u>State v. Jackson</u>, 257 Conn. 198, 199-200, 777 A.2d 591, 595 (2001).

On direct appeal, the Petitioner challenged his conviction on two grounds: (1) insufficient evidence to support his conviction, and (2) improper admission into evidence of a redacted version of a statement the Petitioner had given to the

police rather than the entire statement. The Connecticut Supreme Court rejected both arguments and affirmed the conviction. Id. at 200, 216, 777 A.2d at 595, 604.

On July 8, 2002, the Petitioner filed a state habeas corpus action. In the amended habeas petition filed by appointed counsel, the Petitioner raised several arguments in an attempt to establish that his trial and appellate counsel rendered constitutionally ineffective assistance. After a hearing, the state court rejected the claims of ineffective assistance of counsel and denied the petition. Jackson v. Warden, No. CV02-00466463-S, 2010 WL 398606 (Conn. Super. Jan. 4, 2010).

On direct appeal, the Petitioner raised only one instance of ineffective assistance of trial counsel: that trial counsel was ineffective because he failed to investigate properly the strength of the state's case. Specifically, the Petitioner argued that trial counsel should have investigated whether the state's witness, Tia Perry, could have been home from work at the time she testified that she heard the victim speaking to the Petitioner. The Petitioner stated that he deliberately was not raising the remainder of the claims included in the amended petition and addressed at the habeas hearing. See Resp'ts' Mem. App. I, Pet'r's Br. and App. on appeal of the habeas court's decision, at 5, 8-9. On December 20, 2010, the Connecticut Appellate Court dismissed the appeal. Jackson v. Comm'r of Correction, 125 Conn. App. 904, 10 A.3d 1112 (2010) (per curiam).

The Petitioner sought certification from the Connecticut Supreme Court on two grounds: (1) whether the Appellate Court erred in dismissing his appeal per curiam, and (2) whether his habeas appellate counsel was ineffective. See

Resp'ts' Mem. App. K, Pet. for Certification.  On July 13, 2011, the Connecticut Supreme Court denied certification.  Jackson v. Comm'r of Correction, 302 Conn. 901, 23 A.3d 1241 (2011).

On April 1, 2011, before the Connecticut Supreme Court denied certification, the Petitioner filed his petition, pursuant to 28 U.S.C. § 2254, in this Court.  The petition asserts, as grounds for relief, (1) ineffective assistance of trial counsel, and (2) insufficient evidence to support his conviction.  Pet., Doc. No. 1, at 53, 75

## II.     Standard of Review

A prerequisite to habeas corpus relief under 28 U.S.C. § 2254 is the exhaustion of available state remedies.  28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).  Adding new factual allegations at the federal level may change the claims that were presented at the state level and render the claim unexhausted; the state courts would not have been apprised of "both the factual and legal premises" of the federal claim.  Jones v. Vacco, 126 F.3d 408, 413 (2d Cir. 1997).  Specifically, before the federal court will consider a claim for habeas relief based on constitutionally ineffective assistance of counsel, the allegations must have been presented to the state courts to allow those courts "the opportunity to consider all the circumstances and the cumulative effect of the claims as a whole."  Caballero v. Keane, 42 F.3d 738, 740-41 (2d Cir. 1994) (internal quotation marks omitted; emphasis in original).

Accordingly, the Second Circuit requires the district court to conduct a two-part inquiry with respect to exhaustion: (1) a petitioner must present the factual

and legal bases of his federal claim to the highest state court capable of reviewing it, and (2) he must have utilized all available means to secure appellate review of his claims.  See Galdamez v. Keane, 394 F.3d 68, 73-74 (2d Cir.), cert. denied, 544 U.S. 1025 (2005).  Failure to exhaust may be excused only where "there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient to render futile any effort to obtain relief."  Duckworth v. Serrano, 454 U.S. 1, 3 (1981) (per curiam).

### III.     Discussion

In his federal habeas petition, the Petitioner challenges his conviction on two grounds: (1) he was denied effective assistance of trial counsel because counsel failed to advise him adequately about the likely outcome of the case and did not strongly advise him to accept the state's plea offer, and (2) there was insufficient evidence to support his conviction.   Pet., Doc. No. 1, at 53, 75.  The Respondents move to dismiss or stay the petition because the Petitioner has not exhausted his state court remedies with respect to his first ground for relief.

This Court agrees with the Respondents that the Petitioner has failed to exhaust state remedies with respect to his first claim for relief.  Because the Petitioner has exhausted his state remedies with respect to his second claim for relief, he has filed a mixed petition with one exhausted and one unexhausted claim.  In these circumstances, this Court deems it appropriate to dismiss this action without prejudice to reopening after the Petitioner has exhausted his state court remedies on the first ground for relief.

### A. Exhaustion

First, the Petitioner has neither presented the factual and legal bases of his federal claim of ineffective assistance of trial counsel to the highest state court capable of reviewing it nor pursued all available means to secure appellate review of this claim. The Petitioner expressly declined to raise all but one of his claims of ineffective assistance of trial counsel, including the claim raised here, on appeal to the Connecticut Appellate Court. Resp'ts' Mem. App. I, Pet'r's Br. and App. on appeal of the habeas court's decision, at 5, 8-9. Nor did he raise this claim in his petition for certification to the Connecticut Supreme Court. Resp'ts' Mem. App. K, Pet. for Certification, at 1-3. Accordingly, the Petitioner never presented this claim to the Connecticut Supreme Court and did not pursue all available means to secure state appellate review of this claim.

Second, the Petitioner may still obtain redress in state court based on his ineffective assistance of trial counsel claim through a new petition asserting ineffective assistance of habeas counsel based on habeas counsel's decision not to assert all available claims on appeal. See Lozada v. Warden, 223 Conn. 834, 839-40, 613 A.2d 818, 822 (1992) (recognizing that, although there is no federal constitutional right to counsel in state habeas corpus proceedings, there is a state law right to counsel that necessarily encompasses a right to competent counsel).

In opposition, the Petitioner argues that he no longer has any available state court remedies. Although the Petitioner does not contest the fact that he may file a state habeas petition alleging ineffective assistance of habeas counsel, he

distinguishes claims of ineffective assistance of trial counsel and habeas counsel and contends that raising a claim that habeas counsel was ineffective will not facilitate review of claims that trial counsel was ineffective. Accordingly, the Petitioner argues, he has no available state remedies for raising his ineffective assistance of trial counsel claim which his habeas counsel did not raise on appeal from the denial of the state habeas petition.

The Petitioner's argument is inconsistent with <u>Lozada</u>. 223 Conn. at 842, 613 A.2d at 823 ("To succeed in his bid for a writ of habeas corpus [alleging ineffective assistance of habeas counsel], the Petitioner must prove both (1) that his appointed habeas counsel was ineffective, <u>and (2) that his trial counsel was ineffective</u>.") (emphasis added). A second state habeas petition alleging ineffective assistance of habeas counsel therefore presents an available state remedy for the ineffective assistance of trial counsel claim which the Petitioner's habeas counsel did not assert on appeal.[1] In addition, if the Petitioner were to

---

[1] Although the Petitioner attempted to raise the effectiveness of habeas counsel for the first time before the Connecticut Supreme Court, it is not clear on what basis he attempted to do so. <u>See</u> Resp'ts' Mem. App. K, Pet. for Certification, at 1-3. In addition, the Connecticut appellate courts routinely decline to review issues presented for the first time on appeal. <u>Andrades v. Comm'r of Correction</u>, 108 Conn. App. 509, 519 n.6, 948 A.2d 365, 371 n.6 (2008). Because the Petitioner did not clearly raise this claim before the Connecticut Supreme Court, and because, if he had, it is not clear that it was necessarily decided against him, the Petitioner would not be barred from filing a second petition raising a claim of ineffective assistance of habeas counsel for failing to raise this argument on appeal. <u>Negron v. Warden</u>, 180 Conn. 153, 158, 429 A.2d 841, 847 (1980) ("[S]hould doubts arise in particular cases as to whether two grounds are different or the same, they should be resolved in favor of the applicant." (internal quotation marks omitted)).

prevail on his claim that habeas counsel was ineffective for failing to include all of the instances of deficient performance of trial counsel in the appeal, the state court could reopen the appeal and permit the Petitioner to assert those claims. The Court therefore concludes that the Petitioner retains the ability to assert the unexhausted claim in state court.

      B.     <u>Disposition of the Petitioner's Mixed Habeas Petition</u>

Because the Petitioner has exhausted his state remedies on his other claim for relief, he has filed a mixed petition containing one exhausted claim and one unexhausted claim. Traditionally, a mixed petition is dismissed, and the petitioner may file a separate federal habeas corpus action after all claims have been exhausted. See <u>Slack v. McDaniel</u>, 529 U.S. 473, 486 (2000). In light of the one-year limitations period for filing a federal habeas action, the Second Circuit has directed the district court not to dismiss a mixed petition if an outright dismissal would preclude the Petitioner from having all of his claims addressed by the federal court. See <u>Zarvela v. Artuz</u>, 254 F.3d 374, 380-83 (2d Cir. 2001) (recommending that the district court stay exhausted claims and dismiss unexhausted claims with direction to timely complete the exhaustion process and return to federal court); <u>see also</u> <u>Rhines v. Weber</u>, 544 U.S. 269, 277-78 (2005) (noting that a stay of federal proceedings to enable the petitioner to return to state court to exhaust his state remedies with regard to some claims should be utilized only in limited circumstances, where the petition contains both exhausted and unexhausted claims, the petitioner demonstrates good cause for failing to exhaust

all claims before filing the federal petition, and the petitioner may be time-barred if the case were dismissed).

The Connecticut Supreme Court affirmed the Petitioner's conviction on July 31, 2001.  The Petitioner's conviction became final, and the limitations period commenced, on October 29, 2001, at the expiration of the ninety-day period within which the Petitioner could have filed a petition for certiorari at the United States Supreme Court.  See Williams v. Artuz, 237 F.3d 147, 151 (2d Cir.) (the limitations period specified in 28 U.S.C. § 2244(d)(1)(A) commences at the completion of certiorari proceedings in the United States Supreme Court or at the conclusion of the time within which a petition for certiorari could have been filed), cert. denied, 534 U.S. 924 (2001).  The Petitioner filed his state habeas corpus action on July 8, 2002, tolling the limitations period after the expiration of 251 days.  See 28 U.S.C. § 2244(d)(2).  The limitations period began to run again on July 13, 2011, when the Connecticut Supreme Court denied certification of the appeal of the denial of the Petitioner's state habeas petition.  Although the Petitioner filed this action before the Connecticut Supreme Court denied certification, the filing of a federal petition for writ of habeas corpus does not toll the limitations period.  See Duncan v. Walker, 533 U.S. 167, 181-82 (2001).  Thus, the limitations period expired on November 4, 2011.

If the Court were to dismiss this petition with prejudice and require the Petitioner to file another habeas corpus action after he exhausts his state remedies on the first ground for relief, the new petition would be time-barred.

**Accordingly, rather than staying this action or dismissing it with prejudice, the Court will dismiss this action without prejudice to reopening. The Petitioner may file an amended petition and a motion to reopen this action after he has exhausted his state court remedies on the first ground for relief. See <u>Ortiz v. Martin</u>, No. 3:06-cv-895 (CFD), 2009 WL 179785, at *3 (D. Conn. Jan. 26, 2009) (dismissing mixed petition without prejudice and permitting petitioner to file an amended petition and motion to reopen after exhausting state remedies). Any motion to reopen shall be filed within thirty days from the conclusion of the state court appeal.**

IV. <u>Conclusion</u>

The Respondents' Motion to Stay or Dismiss Petition for Writ of Habeas Corpus [Doc. #7] is GRANTED. The petition is dismissed without prejudice to the Petitioner filing a motion to reopen after he exhausts his state court remedies on the first ground for relief.

Because reasonable jurists would not find it debatable that the Petitioner failed to exhaust his state court remedies, a certificate of appealability will not issue. The Clerk is directed to enter judgment and close this case.

SO ORDERED

Dated this __26th__ day of March 2012, at Hartford, Connecticut.

                                    /s/
                                Vanessa L. Bryant
                                United States District Judge