# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

TERREL JACKSON                          :
                                        :              **PRISONER**
        v.                              :       **Case No. 3:11cv515 (VLB)**
                                        :
WARDEN and                              :
COMMISSIONER OF CORRECTIONS  :


## RULING ON PETITIONER'S MOTION FOR RECONSIDERATION [Doc. #14]

The petitioner asks the court to reconsider the decision granting the respondents' motion to dismiss.  He also asks the court to appoint counsel to represent him and schedule an evidentiary hearing in this case.  For the reasons that follow, the petitioner's motion is denied.

The Second Circuit has held that "[t]he standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted).  A motion for reconsideration may be granted on one of only three grounds: (1) an intervening change in controlling law; (2) the availability of newly discovered evidence; and (3) the need to correct clear error or prevent manifest injustice.  Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992).  That the court overlooked controlling law or material facts may also entitle a party to succeed on a motion

to reconsider.  <u>Eisemann v. Greene</u>, 204 F.3d 393, 395 n.2 (2d Cir. 2000) (per curiam) ("To be entitled to reargument, a party must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion.") (internal quotation marks omitted).  The petitioner cannot, however, seek reconsideration to "plug gaps in an original argument or to argue in the alternative once a decision has been made."  <u>Horsehead Resource Dev. Co., Inc. v. B.U.S. Envtl. Serv., Inc.</u>, 928 F. Supp. 287, 289 (S.D.N.Y. 1996) (internal quotation marks and citations omitted).

The court granted the respondents' motion to dismiss on the ground that the petitioner had not exhausted his state court remedies with regard to all of the grounds for relief asserted in the petition.  The court noted that the petitioner could obtain review of those claims in state court by filing a habeas petition asserting a claim of ineffective assistance of habeas counsel.  <u>See</u> Doc. #12.  In the ruling, the court noted that if the petitioner prevailed in that state action, the state court could reopen his appeal.  The petitioner now argues that the possibility of reopening the appeal does not constitute an available state court remedy for exhaustion purposes.

The petitioner has misconstrued the court's statement.  Before filing his claim in federal court, the petitioner must have utilized all available means to secure appellate review of his claims.  <u>See</u> <u>Galdamez v. Keane</u>, 394 F.3d 68, 73-74 (2d Cir.), <u>cert. denied</u>, 544 U.S. 1025 (2005).  The availability of a state habeas petition asserting a claim of ineffective assistance of habeas counsel is the

available state court remedy that must be utilized before the petitioner can be said to have exhausted his available state court remedies.   The motion for reconsideration is denied on this ground.

The petitioner also argues that there has been an intervening change in the law that would warrant reconsideration.  He refers the court to a recent Supreme Court decision holding that a criminal defendant has a right to effective assistance of counsel when deciding whether to accept or reject a plea offer.  See Lafler v. Cooper, ___ U.S. ___, 132 S. Ct. 1376, 1384 (2012) (holding that Sixth Amendment right to counsel extends to plea-bargaining process).  The petitioner, however, has not exhausted his state court remedies on this claim.  Thus, the argument is premature.

The petitioner's motion for reconsideration [Doc. #14] is DENIED.  The court concludes that any appeal from this order would not be taken in good faith. Thus, a certificate of appealability will not issue.

SO ORDERED this 11th day of July 2012, at Hartford, Connecticut.

_____/s/_____
Vanessa L. Bryant
United States District Judge

3