# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| TERREL JACKSON,<br>　　　Petitioner, | :<br>:<br>: |
| v. | : 　CASE NO. 3:11-cv-515 (VLB) |
| WARDEN, et al.,<br>　　　Respondents. | :<br>:<br>: |

## RULING ON MOTION TO REOPEN HABEAS CORPUS ACTION

Petitioner Terrel Jackson filed this habeas corpus action in 2011. He challenged his 1999 murder conviction in a petition filed pursuant to 28 U.S.C. § 2254. On March 26, 2012, the Court dismissed the petition after finding that Petitioner had not exhausted his state court remedies with regard to all grounds for relief. The dismissal was without prejudice to Petitioner filing a motion to reopen this case after he exhausted his state court remedies. *See* ECF No. 12.

The petition was filed within the one-year limitations period. Because the filing of a federal habeas petition does not toll the limitations period, *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), the limitations period expired before the Court dismissed the petition. The Second Circuit has recommended that "where an outright dismissal could jeopardize the timeliness of a collateral attack" the district court stay proceedings in federal court to permit the petitioner to return to state court to address the unexhausted claims and then have all claims addressed by the district court. *Zarvela v. Artuz*, 245 F.3d 374, 380 (2d Cir.), *cert.*

denied sub nom., *Fischer v. Zarvela*, 534 U.S. 1015 (2001). For administrative reasons, this Court elected to dismiss the petition without prejudice to reopening rather than staying the matter. Petitioner was directed to move to reopen this case within thirty days after the conclusion of the state court appeal. ECF No. 12 at 9. By complying with the Court's direction and promptly moving to reopen this case, Petitioner would obtain the same benefits as if the Court had stayed the proceedings as recommended in *Zarvela*.

Noting concerns about excessive delay in resolving stayed habeas cases, the Second Circuit recommended that any stay to permit exhaustion of state remedies should be conditioned on the petitioner exercising due diligence. The petitioner should be allowed "no more than reasonable intervals of time to present his claims to the state court and to return to federal court after exhaustion." *Zarvela*, 254 F.3d at 381. The court suggested thirty days to commence state court proceedings and thirty days to return to federal court after those proceedings were concluded, and noted that the stay could be lifted and the petition dismissed if either condition is not met. *Id.*

Petitioner's federal case was dismissed on March 26, 2012 with direction to return to state court to exhaust the unexhausted claim. Petitioner waited over seventeen months, until September 12, 2013, to file a state habeas action. *See* Resp'ts' Mem. App. A, ECF No. 17-1. On October 7, 2016, after the state petition had been pending for three years, Petitioner withdrew the action. *See* Resp'ts' Mem. App. B, ECF No. 17-2.

On January 23, 2017, rather than filing a motion to reopen in this case, Petitioner filed a new federal habeas action, *Jackson v. Warden Erfe*, No. 3:17-cv-92(JCH), with a petition signed on December 11, 2016, seeking to proceed only on the exhausted claim. In response to the respondents' motion to dismiss, the court, Hall, U.S.D.J., directed that the petition be docketed as a motion to reopen and motion for leave to file an amended petition in this case. *See* 3:17-cv-92(JCH) (D. Conn. Nov. 6, 2017) (ECF No. 15).

Petitioner has not acted with due diligence as contemplated in *Zarvela*. First, he waited over seventeen months to commence his state action, well in excess of the thirty days contemplated by the Second Circuit. Second, after withdrawing his state action, Petitioner waited sixty-five days before signing his second federal petition. Third, Petitioner elected not to utilize the Prisoner Efiling Program as all inmates are required to do. *See* CTAO 16-21, Standing Order on Prisoner Efiling Program (updated June 22, 2016) (available at www.ctd.uscourts.gov) (requiring all prisoners to utilize this system). Instead, he mailed his petition to the Court causing it to be received over a month after he signed it rather than within a day or two.

Although the Court did not include in the prior order specific directions regarding the filing of the state action, it did require him to file a motion to reopen this case within thirty days after the state court matter was concluded. As petitioner did not comply with this order and failed to exercise due diligence

regarding the filing of his state action and his return to federal court, the motion to reopen and file an amended petition [ECF No. 16] is DENIED.

SO ORDERED this 18th day of December 2017, at Hartford, Connecticut.

                                              /s/
                                   Vanessa L. Bryant
                                   United States District Judge